CITED *in State* v. *Haight*, 2 *Vr.* 412.

---

## THE STATE v. BLUNDELL, COLLECTOR.

1. The legislature may direct taxes in a city or other municipal corporation to be assessed and levied in a manner different from that provided for the rest of the county or state.

2. Taxes on real estate may be assessed against either the tenant or owner, and the fact that by the lease the tenant must pay the taxes, does not prevent taxes from being assessed to and collected from the owner.

3. Real estate held by the Society for the Establishment of Useful Manufactures for the purposes of their incorporation, as water power and mill lots, are exempt from all taxes except state taxes, but other real estate held by them is liable to taxation.

This was a *certiorari* from this court, sued out by the Society for the Establishment of Useful Manufactures, as prosecutors, against John Blundell, collector of the west ward of the city of Paterson.

The cause was argued at the same time with the two cases next preceding, before the same judge, and by the same counsel.

The facts upon which the questions arose, and the manner in which they came up, sufficiently appear in the opinion of the court.

The CHIEF JUSTICE delivered the opinion of the court.

The prosecutors complain of an assessment of taxes, made upon their real estate in the city of Paterson, in the year 1852. The assessment was made by the assessor of the west ward of the city, under a supplement to the act to incorporate the city of Paterson, passed on the 30th of March, 1852.

The first, second, and thirteenth exceptions relate to the authority under which the assessment was made. It has already been decided, at the present term, in the case of the *City of Paterson* v. *The Society for Establishing Useful Manufactures*, that the charter of the city is not unconstitutional by reason of its adoption having been submitted to a vote of the corporators, and that it does not conflict with the franchises of the society.

It was within the power of the legislature to authorize taxes within the city of Paterson to be assessed in a different mode from that prescribed by the general laws of the state in regard to taxation ; and the special rights and powers thus conferred upon a city by virtue of its charter are not destroyed or impaired by subsequent general enactments, however inconsistent. The injustice or inequality of the operation of a different principle of taxation within the city from that which pre-

vails in the rest of the county or state, is a subject for the consideration of the corporation and of the legislature. The remedy for the evil, if it exists, is not with this court. *The State* v. *Branin*, 3 *Zab.* 495, 497.

The third exception is, that the assessment is general, and does not distinguish the several mills, water power, and lots of land, so that the prosecutors can ascertain how much is assessed upon each property. The answer to the exception is, that the statute does not require it.

The 4th, 5th, 6th, and 8th exceptions relate to leased property. The fact that the property assessed is leased to tenants, and that the tenants are, by the terms of the lease, bound to pay the taxes and assessments imposed on the property during the term, does not affect the rights of the public, as against the owners'of the land, in the matter of taxation. By the terms of the act under which the assessment is made, the taxes upon property liable to taxation may be assessed either against the owner, occupier, or possessor thereof. By the provisions of the general tax law, the tenant is made liable for taxes assessed upon lands in his possession, but he has a remedy over against his landlord, except where there is a special contract. *Rev. Stat.* 1010, § 33. But there is nothing in the statute or in principle that prevents the taxes from being assessed and collected from the owner of the land. Where the tenant in possession is entirely responsible, and is bound by contract to pay the taxes, there is a manifest propriety in assessing the taxes, in the first instance, against the tenant. But the matter is left by the statute at the discretion of the assessor.

It does not appear that the farm property assessed to the prosecutors was also assessed to or the taxes paid by the tenants. The evidence of the assessor shows that the fact is otherwise.

The tenth exception is, that there was no rate per centum prescribed in the law under which the assessment was made of the true and absolute value of the lands whereon the assessment was made. The fourth section of the charter of the society contains a provision, that in case taxes shall be laid by way of assessment, it shall be according to a certain rate per

State v. Blundell.

centum, to be prescribed in the law laying such taxes, of the true and absolute value of the lands, &c., whereon the same shall be laid or assessed. This section has no application except to taxes assessed for the use of the state, which are to be assessed in the mode prescribed in the charter. It can have no operation whatever in regard to taxes assessed for township and county purposes upon lands held by the prosecutors not necessary to the design of their incorporation. Whether, therefore, the assessment in this case was made in compliance with the mode designated in the charter, is a matter totally immaterial, and no opinion is designed to be expressed upon that point.

The last exception requiring notice is, that the prosecutors are exempt by their charter from all township, county, or city taxes.

The tax assessed on the prosecutors is $1575, and is wholly for city and county purposes. The real estate upon which the assessment is made is rated at $350,000. The assessor states that he thinks he did not value the property of the prosecutors in the west ward, exclusive of water power, above $10,000, so that at least $340,000 of the assessment was for water power. It further appears in evidence that the real estate assessed, independent of the water power, consists of mill lots, upon which the power is used, and other property necessarily incident to the purposes of the corporation, excepting one house lot, on the east side of Mill street, and a triangular piece of land used for a fire engine house. Under the decision of the *State* v. *Flavell*, the two last lots, alone, are liable to taxation under this assessment.

The assessment must be corrected accordingly.

Justices OGDEN and HAINES concurred.

CITED in *State* v. *Powers*, 4 *Zab.* 406; *State* v. *Leester*, 4 *Dutch.* 103; *State* v. *Hancock*, 6 *Vr.* 545.